UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, by and through Jeff Davi, solely in his capacity as the Real Estate Commissioner of the State of California,<br><br>    Plaintiff,<br><br>    v.<br><br>STROMAN REALTY, INC., a Texas corporation, WAYNE A. STROMAN and Does 1-100, inclusive,<br><br>    Defendants. | No. 2:09-cv-00031-MCE-GGH<br><br><br><br><br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

On October 31, 2008, Plaintiff, Jeff Davi, the California Real Estate Commissioner and Chief Executive of the California Department of Real Estate (hereinafter Commissioner) filed the present action on behalf of the People of the State of California in the Sacramento County Superior Court.  On January 5, 2009, Defendants, Stroman Realty, Inc. and Wayne Stroman (hereinafter Defendants or Stroman), removed the matter to this Court.

///

1

Presently before the Court is Defendants' Motion to Dismiss Complaint. The Complaint alleges violations of the State of California's Real Estate Law as codified in California Business and Professions Code §§ 10000 et seq.[1] Specifically, the Commissioner brings two causes of action. The First Cause of Action alleges unlicenced broker activity in violation of Section 10130 and the Second Cause of Action alleges certain advance fee violations per Sections 10085, 10085.5 and 10146. For the reasons set forth below, Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)[2] is DENIED.

**BACKGROUND**

Defendant Stroman Realty is a Texas real estate corporation specializing in the resale of timeshares for individuals.[3] Request for Judicial Notice in Support of Defendants' Stroman Realty, Inc. and Wayne Stroman's, Motion to Dismiss Complaint, Opinion on Summary Judgment, dated July 28, 2005 (Opinion) at 3.

---

[1] Unless otherwise stated, all further references to "Section" or "Sections" are to the California Business and Professions Code.

[2] Unless otherwise stated, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[3] Stroman filed a Request for Judicial Notice in support of its Motion to Dismiss Complaint asking the Court to take notice of an Opinion on Summary Judgment, dated July 28, 2005, in similar litigation also involving Stroman. The request was unopposed by the Commissioner as to the facts set forth in that Opinion. Given that non-opposition, and good cause appearing, Stroman's Request for Judicial Notice is granted.

Each of its agents are licensed in Texas as a real estate agent or broker, and its only office is in Conroe, Texas, its principal place of business. Id. Stroman is not licensed to practice real estate in California. Compl. ¶ 4.

The Commissioner claims that Defendants have engaged and continue to engage in the real estate business in the State of California without the requisite license to do so. In support of his claim, the Commissioner alleges that 1) Defendants mailed, or caused the mailing of, advertisements and other solicitation materials to California residents who own timeshare properties encouraging the residents to sell their properties through Stroman's Texas real estate corporation; 2) Defendants collect an advance "advertising fee" (that is currently around $599) from California residents who wish to list their timeshare properties with Defendants; 3) Defendants have not submitted any advance "advertising fee" agreements to Commissioner for approval; and 4) Defendants do not deposit advance fees of California residents into a designated trust fund. Id. ¶ 12, 14-17. The Commissioner also claims that all violations of law alleged in the complaint occurred at numerous locations throughout the State of California. Id. ¶ 3.

Now before the Court is Defendants' Motion to Dismiss challenging the sufficiency of the allegations underlying the Commissioner's causes of action. Defendants assert that the Commissioner fails to state valid claims under California Real Estate Law.

///
///

3

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 554-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. <u>Id</u>. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///

**ANALYSIS**

**1. The Commissioner's First Cause of Action is sufficient for pleading purposes.**

The Commissioner's First Cause of Action alleges unlicensed real estate broker activity in California by the Defendants. California Business and Professions Code § 10131 defines a "real estate broker" as follows:

> A real estate broker...is a person who, for a compensation or in expectation of a compensation, regardless of the form or time of payment, does or negotiates to do one or more of the following acts for another or others:
>
> (a) Sells or offers to sell, buys or offers to buy, solicits prospective sellers or purchasers of, solicits or obtains listings of, or negotiates the purchase, sale or exchange of real property or a business opportunity.

Section 10131.2 expands the definition of real estate broker contained in Section 10131 by specifying that anyone charging an advance fee in connection with the sale, listing, or advertisement of real property is also considered a broker under California law:

> A real estate broker...is also a person who engages in the business of claiming, demanding, charging, receiving, collecting or contracting for the collection of an advance fee in connection with any employment undertaken to promote the sale or lease of real property or of a business opportunity by advance fee listing, advertisement or other offering to sell, lease, exchange or rent property or a business opportunity, or to obtain a loan or loans thereon.

Finally, Section 10026 defines "advance fee" as including any fee charged for listing, advertising, or offering to sell or lease real property:

///
///

5

> The term "advance fee,"... means a "fee claimed, demanded, charged, received, collected or contracted from a principal for a listing, advertisement or offer to sell or lease property, other than in a newspaper of general circulation, issued primarily for the purpose of promoting the sale or lease of business opportunities or real estate or for referral to real estate brokers or salesmen, or soliciting borrowers or lenders for, or to negotiate loans on, business opportunities or real estate.

Stroman engages in the business of selling or offering to sell or soliciting prospective sellers of real property, and does so for compensation or profit in the form of an "advance fee." Thus, Defendants appear to fall squarely within the definition of "real estate broker," as defined by Sections 10131 and 10131.2.

At issue in Defendants' Motion to Dismiss, however, is whether or not Defendants' real estate broker activities are subject to California Real Estate Law in the first place. Section 10130 provides that "it is unlawful for any person to engage in the business, . . . advertise or assume to act as a real estate broker . . . " <u>within California</u> without first obtaining a California real estate license. (emphasis added). The licensing requirement serves to protect the people of California from dealing with real estate practitioners that are incompetent or untrustworthy. <u>Schantz v. Ellsworth</u>, 19 Cal. App. 3d 289, 292-93 (1971). If the Commissioner has evidence that a person has violated or is about to violate any provision of California Real Estate Law, the Commissioner may bring an action on behalf of the People of the State of California to enjoin that person from engaging in the business of real estate in California. Cal. Bus. & Prof. Code § 10081(a).

///

1    As factual support for his allegations of Defendants'
2 unlicensed broker activity, the Commissioner claims that
3 Defendants are not licensed to practice real estate in California
4 yet have engaged and continue to engage in the business of real
5 estate in California.  Compl. ¶ 4, 12.  The Commissioner pleads
6 and alleges that Defendants "have mailed, or caused the mailing
7 of, advertisements and other solicitation materials to California
8 residents who own timeshare properties.  These direct
9 solicitation materials encourage California residents to sell his
10 or her timeshare property through Stroman's Texas real estate
11 corporation."  Compl. ¶ 12.  Additionally, the Commissioner
12 alleges that the California residents who have agreed and will
13 agree to list their timeshare units with Stroman must pay an
14 advance "advertising fee."  Compl. ¶ 12.  According to the
15 Complaint, all Defendants' violations of California Real Estate
16 Law occurred at numerous locations throughout California.  Id.
17 ¶ 3.  Accepting these allegations as true and construing these
18 facts in the light most favorable to the nonmoving party, the
19 Commissioner sufficiently states, for pleading purposes, a cause
20 of action for violation of Section 10130.
21    Defendants assert that the "Commissioner offers little
22 detail as to what it claims Stroman is actually doing in
23 California[.]" (Motion To Dismiss (Motion) at 3-5).  However, a
24 complaint need not give detailed factual allegations and the
25 Commissioner's factual allegations rise above the level of
26 speculation.  Bell Atl., 550 U.S. at 554-56.  As discussed above,
27 at this stage of the litigation, Commissioner's allegations are
28 sufficient to withstand pleading scrutiny.

7

1    Defendants also claim that its advertising method, direct
2 mailing to California residents from Texas, is not broker
3 activity within California, and thus not subject to California
4 Real Estate Law.  Motion at 12-13.  Any determination in this
5 regard raises factual issues not appropriate for disposition as a
6 matter of law on the pleadings.
7    Further, Defendants contend that all of its real estate
8 services have been and are currently performed in Texas, where
9 its offices are located and all transactions are allegedly
10 performed.  Consequently, Stroman maintains that no brokerage
11 activities are conducted within California, and therefore
12 Defendants cannot be subject to regulation by the Commissioner.
13 In support of this claim and its Motion to Dismiss, Defendants
14 filed a declaration by Defendant Wayne A. Stroman (Stroman
15 Declaration).  <u>See</u> Motion at 12 (relying on the Stroman
16 Declaration).  However, because the declaration is beyond the
17 permissible scope of a motion to dismiss, the Court declines to
18 consider it at this time.  Moreover, while the Court could
19 construe this motion as one for summary judgment and consider the
20 Stroman Declaration on that basis, to do so at this early stage
21 would deprive the Commissioner of any ability to test the
22 strength of Defendants' allegations through discovery, which the
23 Court believes would be improper.  Therefore, Commissioner's
24 First Cause of Action survives Defendants' Motion to Dismiss.
25 ///
26 ///
27 ///
28 ///

8

### 2. The Commissioner's Second Cause of Action also survives Defendants' Motion to Dismiss.

The Second Cause of Action alleges certain advance fee violations per Sections 10085, 10085.5 and 10146.  Section 10085 sets forth that "[t]he commissioner may require that any or all materials used in obtaining advance fee agreements, including but not limited to the contract forms, letters or cards used to solicit prospective sellers, and radio and television advertising be submitted to him or her at least 10 calendar days before they are used."  As factual support for Defendants' violation of this Section, the Commissioner alleges that Stroman has not submitted any advance fee agreements to the Commissioner for approval.  Compl. ¶¶ 14-15.

Section 10085.5 provides in relevant part that, "[i]t shall be unlawful for any person to claim, demand, charge, receive, collect, or contract for an advance fee . . . for performing any other activities for which a license is required, unless the person is a licensed real estate broker and has complied with the provisions of this part."  Since Defendants are not licensed real estate brokers in California, the Commissioner alleges that Defendants' advance advertising agreements are unlawful.  Compl. ¶¶ 14, 16.

Section 10146 provides that "[a]ny real estate broker who contracts for or collects an advance fee from any other person . . . shall deposit any such amount or amounts, when collected in a trust account with a bank or other recognized depository."

///

///

9

In claiming that Defendants have violated this Section, the Commissioner alleges that Defendants do not deposit the advance fees of California residents into a designated trust fund. Compl. ¶¶ 14, 17.

With respect to this cause of action, Defendants, once again, claim that none of its brokerage activities, like its collection of advance fees, have been or are currently performed in California and that advertising to California residents from Texas does not subject it to regulation by the Commissioner who is charged with regulating broker activity that only takes place within California. Motion at 12-13 (relying on the Stroman Declaration). This argument fails for the same reasons discussed above in the Courts analysis of the First Cause of Action. Accordingly, the Commissioner's Second Cause of Action survives Defendants' Motion to Dismiss.

**CONCLUSION**

For the reasons set forth above, the Defendants' Motion to Dismiss the Complaint is DENIED in its entirety.[4]

IT IS SO ORDERED.

Dated: June 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

10