EDMUND G. BROWN JR.
Attorney General of the State of California
WILLIAM L. CARTER
Supervising Deputy Attorney General
STEVEN J. GREEN, State Bar No. 73705
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 324-5157; Fax: (916) 327-2247
E-mail: Steven.Green@doj.ca.gov
Attorneys for Plaintiff


ALAN M. STEINBERG, SBN: 181787
GOLDSBERRY, FREEMAN & GUZMAN, LLP
777 Twelfth Street, Suite 250
Sacramento, California 95814
Telephone:  (916) 448-0448; Facsimile:   (916) 448-8628
Email: asteinberg@gfsacto.com

LESLIE A. POWELL, Admitted *Pro Hac Vice*
DIANA M. SCHOBEL, Admitted *Pro Hac Vice*
LAW OFFICES OF LESLIE A. POWELL
115 North Market Street
Frederick, Maryland 21701
Telephone: (301) 668-7575; Facsimile:   (301) 668-7755
Email: lpowell@lesliepowell-law.com
Email: dschobel@lesliepowell-law.com
Attorneys for Defendants
STROMAN REALTY, INC., and
WAYNE A. STROMAN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, by and through JEFF DAVI, solely in his capacity as the Real Estate Commissioner of the State of California,<br><br>    Plaintiff,<br><br>vs.<br><br>STROMAN REALTY, INC., a Texas corporation, WAYNE A. STROMAN and Does 1-100, inclusive,<br><br>    Defendants.<br>_____ | No.: 2:09-CV-00031-MCE-GGH<br><br>**AGREED PROTECTIVE ORDER** |

1    UPON CONSIDERATION of the Stipulation to Agreed Protective Order, it is this 15th day
2 of October, 2009 by the United States District Court for the Eastern District of California
3    ORDERED that the following provisions will control information disclosed in this action:
4    1. "Confidential material" means contents of written or electronically-maintained
5 documents, admissions, deposition testimony, transcripts, interrogatory answers, correspondence,
6 reports, data, affidavits, documents produced by any party in response to informal discovery
7 requests or other material when designated in good faith by either party as "Confidential",
8 including copies, notes or summaries thereof.  It also includes material Stroman Realty, Inc.,
9 designated as "Confidential" in any State, administrative, or Federal Court proceeding and that
10 plaintiff obtained from another party to that proceeding.
11    2. Material may be designated as "Confidential" when it is reasonably believed that
12 such material contains confidential information, including a party's trade secrets, commercial
13 research or proprietary data, or information from which a third-party could derive a competitive
14 advantage with respect to the party's business affairs, including current or prospective business
15 plans, market analyses, current or prospective pricing, internal strategy, marketing or proprietary
16 planning processes, costs, income data, business and financial information and reports.
17    3. Confidential information may be disclosed only after complying with the terms of
18 this order and only to:
19    a. Litigation counsel and their paralegals, administrative assistants, secretaries
20       and staff employed, including employees and officials of the California
21       Department of Real Estate,  in the preparation for and in the trial of this
22       action;
23    b. People notified of their depositions or designated as trial witnesses to the
24       extent reasonably necessary to prepare for trial;
25    c. Court reporters employed in connection with this case; and
26    d. Experts retained to testify in this matter and their staff.

AGREED PROTECTIVE ORDER
(2:09-CV-00031-MCE-GGH)

- 2 -

4. Confidential material may only be used in connection with this case, including any appeal or petition for writ of certiorari.

5. Before disclosure is made, the recipient of the information must read and sign the form attached hereto as Appendix A.

6. Testimony given at a deposition may be designated as confidential at the time the answer is given or within twenty (20) days of receipt of the transcript.

7. Material designated as confidential must be marked "Confidential: USDC" on its face. The documents may be stamped before the disclosure or after the selection of documents by the recipient for copying.

8. If a party objects to a designation as confidential, the party must notify the disclosing party within twenty (20) days of receiving notice of the designation, after which the parties will attempt to resolve the dispute on an informal basis. The party designating the material as confidential must respond to the objection within five business days. If the dispute is not resolved to the objecting party's satisfaction, the objecting party may apply to the Court for an order that the disputed material not be designated as confidential. Any such disputed material shall be treated as confidential and is subject to the protection of this Order until the Court rules otherwise.

9. Pleadings, motions, or other papers filed with the Court disclosing confidential material will be sealed until further order of the Court. Counsel will endeavor to limit the confidential portions of filings to separate appendices to facilitate sealing.

10. To the extent confidential information is intended to be disclosed in argument or in testimony before the Court, the party intending to use the confidential information will provide advance notice to the disclosing party to allow the disclosing party the opportunity to seek to seal that portion of the transcript.

11. Sealed information shall be made available from the Court file only to the presiding Judge in this case, any legal clerk and secretarial staff assigned to the Judge and counsel of record.

12. If a party inadvertently produces any material without designating it as confidential in accordance with the provisions of this order, the party shall have five (5) business days after discovery of such error to so stamp or otherwise designate the material. The producing party may request that any recipient of the inadvertently produced material return such material and all copies thereof within five (5) business days of receiving the request.

13. If during a deposition confidential information is to be discussed and individuals not authorized to receive confidential information under this order are present, the deponent's counsel may request that those individuals leave the room during the portion of any deposition in which confidential material is discussed. Failure of such individuals to leave the room shall constitute substantial justification for the deponent's counsel to advise the witness that the witness need not answer any question that elicits confidential information.

14. Should any confidential material be inadvertently disclosed to any person not authorized to receive such information under this order, the party responsible for such unauthorized disclosure shall: a) promptly provide such person a copy of this order; b) identify the disclosed information and the recipient immediately to the producing party; and c) retrieve the confidential material and all copies and summaries thereof from the recipient.

15. On final termination of this litigation (defined as the point at which final orders disposing of the entire case have been entered or at the time at which all trial and appellate proceedings have been exhausted) and upon request of the producer, anyone to whom confidential material has been furnished must return it and any copies to the producing party within thirty (30) days of receiving the request or, at the option of the producing party may destroy the confidentially designated material and any copies thereof and certify that they have been destroyed by executing and returning to the producer a certification in the form attached hereto as Appendix B.

16. This order shall survive final termination of this litigation and the Court shall retain jurisdiction to resolve any dispute concerning the use of any material designated confidential.

17. This order shall not preclude either party from seeking any additional protective order permitted under the Federal Rules of Civil Procedure.

Dated: October 19, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

**<u>ASSURANCE</u>**

I, _____ am employed by _____ and have read the protective order entered _____, 2009 in *Jeff Davi v. Stroman Realty, Inc., et al.*, Case No. 2:09-cv-00031 MCE-GGH United States District Court for the Eastern District of California.  I understand my obligations under the protective order and that any confidential material, and any copies or notes related thereto, shall not be disclosed to or discussed with anyone not similarly bound by the protective order.

At the conclusion of the litigation and upon request, I or someone acting on my behalf will return all confidential material still in my possession, including all copies and notes relating thereto, to counsel of record for the party who disclosed such confidential material or certify that they have been destroyed.  I submit to the jurisdiction of the United States District Court for the Eastern District of California, Sacramento Division, for the purpose of enforcement of the protective order and waive any and all objections to jurisdiction and venue for that purpose.  I understand that if I violate the protective order I may be punished for contempt of court or by some other sanction.

DATE: _____

_____
Name

**APPENDIX B**

**CERTIFICATION OF DESTRUCTION**

I, _____ certify that on _____ (Date) all documents designated as confidential that I or my agents received in *Jeff Davi v. Stroman Realty, Inc., et al.*, case No. 2:09-cv-00031 MCE-GGH United States District Court for the Eastern District of California were destroyed, including all copies and notes relating thereto, and that no documents containing information designated as confidential remain in my possession.

DATE: _____

_____
Name